In the Matter of the Application of the BOARD OF WATER SUPPLY OF THE CITY OF NEW YORK, to Acquire Real Estate in the County of Ulster, etc. Parcel 801, Coykendall Quarry.

THE CITY OF NEW YORK, Appellant, Respondent; EDWARD COY-KENDALL, as Executor, etc., of SAMUEL D. COYKENDALL, Deceased, Respondent, Appellant.

Third Department, May 8, 1924.

Condemnation — evidence giving property special value should be considered though facts discovered after appropriation — finding as to value not disturbed where commission actually considers subsequently discovered facts.

In determining the value of quarry property taken in condemnation proceedings, the commission should take into consideration facts relating to valuable blue stone deposits, though such facts are not discovered until after the appropriation.

However, since the commission in this case stated that the existence of the blue stone deposits did not substantially alter their view as to the value of the property, it must be considered that the existence of the deposits was taken into consideration in determining the award, and the Appellate Division will not interfere therewith.

CROSS-APPEALS by the petitioner, The City of New York, and by the claimant, Edward Coykendall, from an order of the Supreme Court, made at the Ulster Special Term and entered in the office of the clerk of the county of Ulster on the 2d day of January, 1920, confirming the report and award of commissioners in condemnation proceedings instituted under chapter 724 of the Laws of 1905, as

amended by chapter 314 of the Laws of 1906, known as the Water Supply Act.

The petitioner appeals from so much of the order as allows the claimant $7,234.50 for expenses and disbursements.

The claimant appeals from so much of the order as confirms the report of the commissioners and denies his motion to set aside the award and as directs the city of New York to pay to him in full satisfaction of all damages the sum of $10,162.25, with interest thereon from May 27, 1909.

*George P. Nicholson,* for the City of New York.

*A. T. Clearwater,* for Edward Coykendall, as executor, etc.

PER CURIAM:

The commission in its opinion said that, in determining the value of the quarry property taken, it excluded consideration of facts relating to blue stone deposits which were revealed by explorations made subsequently to the date of the appropriation. By way of illustration it said: " Thus, if in 1911, a bed of diamond bearing clay, the existence of which has theretofore not been suspected, had been discovered upon the property, this could not affect our determination as to its value in 1909, even though as a diamond mine the property might be worth many millions of dollars." We regard this as an erroneous conception. Rules relating to the fixing of damages afford convenient measures of value which are ordinarily satisfactory and conclusive. They are, however, nothing more than a means to an end and that end is complete indemnity. Therefore, if land appropriated contains a valuable deposit, unknown at the time of the taking, but discovered prior to the time when decision fixing the loss is made, the owner, in order to be indemnified for the thing taken, must have the value of the deposit included in a reckoning of his loss. The commission, after making the statement alluded to, continued its observations as follows: " However that may be, in our opinion the results disclosed by the excavations made after May 27, 1909, do not substantially alter our view as to the value of the property based upon the facts known on May 29th, 1909." The commission, therefore, in spite of having previously denied to itself the power of considering the proof thus disclosed, did in fact consider it, and, after such consideration, its views remained the same. Their judgment was, therefore, founded upon all the proof given. We do not feel justified in substituting our judgment for theirs. Not only did the commission consider all the proof and weigh in the balance the testimony of opposed witnesses, but the members of the commission on many occasions viewed the property taken. They saw and considered all the

evidences of a valuable blue stone deposit which were revealed by explorations made after the appropriation. They considered the quantity and quality of the blue stone deposit as these things appeared to their own senses. We are denied the view which was available to them. Consequently we feel that their judgment should not be disturbed.

The orders should be affirmed, without costs.

Orders unanimously affirmed, without costs.