In the Matter of IRVING V. A. HUIE et al., Constituting the Board of Water Supply of the City of New York, Respondent, on Behalf of the City of New York, Relative to Acquiring Title to Real Property, in Delaware County, for the Purpose of Providing an Additional Water Supply. ARCHIE CAMPBELL et al., Appellants.

Third Department, March 11, 1953.

*John Taylor Breen* and *H. E. Blodgett* for appellants.

*Denis M. Hurley, Corporation Counsel (Theodore R. Lee* and *Seymour B. Quel* of counsel), for respondent.

Coon, J.  The City of New York has acquired two parcels of land owned by appellants by condemnation for water supply purposes.  After the taking, but before the hearings and award by the Commissioners of Appraisal, substantial quantities of bluestone and flagstone were discovered under the surface of the property taken.  This stone was actually used in the construction of the project for which the property was taken, and had a very substantial value for such purpose, enhanced by its convenient location to the site, thus saving transportation costs.

The property taken consisted of farm property with buildings, located on the Delaware River, and previously used by appellants as a dairy farm and for accommodating paying summer guests, fishermen and hunters.  Appellants do not question the amount awarded for the property as to the value of surface land and buildings, but urge that the Commissioners of Appraisal should have awarded damages for valuable stone taken from the property and actually used on the project, and that, in fact, nothing was allowed for this item.

Petitioners contend, first, that the valuation should be on an acreage basis as farm property; and, second, that the Commissioners of Appraisal did consider the value of the stone deposits and fixed a fair award including the stone.  Thus are presented only two questions on this appeal: (1) Should the commissioners have considered the value of the stone deposits in addition to the value of the property as a farm unit; and (2) Does the record indicate that the commission did so?

Both authority and common sense justice suggest that the first question should be answered in the affirmative.  *Matter*

of *Board of Water Supply* (*Coykendall Quarry*) (209 App. Div. 231), involved a bluestone deposit, and the court stated: "Therefore, if land appropriated contains a valuable deposit, unknown at the time of the taking, but discovered prior to the time when decision fixing the loss is made, the owner, in order to be indemnified for the thing taken, must have the value of the deposit included in a reckoning of his loss." *Matter of Simmons* (158 App. Div. 206), in clear language states that a sand bank, enhanced in value because of the use of the sand in construction of the project for which the land was taken, should be properly considered in fixing the value of the premises. (See, also, *Sparkill Realty Corp.* v. *State of New York*, 254 App. Div. 78.) The drastic power of eminent domain should not upon any equitable basis result in profit to the taker derived from the land taken from the owner without his consent. Without reciting detailed figures, the record fairly discloses that such would be the result here if the owner is not compensated for the stone deposits. The owners are entitled to compensation for the value of the premises for any purpose, irrespective of its previous use.

Turning to the second question presented, the commission received evidence offered by claimants as to the value of the stone " for what it might be worth ". The undisputed evidence of the claimants is that the property contained about 30,000 cubic yards of dimensional bluestone, worth on a royalty basis to the owner, $2 per yard. This was all used by the city in the construction project. In addition there was 40,000 square feet of marketable flagstone. The claimants' two real estate experts valued the premises at $36,375 and $32,500, respectively, exclusive of the value of the stone deposits. The two real estate experts for the petitioners valued the premises at $8,700 and $8,500, respectively, giving no consideration to the stone deposits. The award was $18,000, and the report of the commission does not give any breakdown of its award. We are unable to determine from the face of the report what, if any, consideration was given to the stone deposits, and must resort to the evidence. We think the great weight of evidence suggests that the commission placed a valuation upon the premises as a farm and boarding house property only, without proper regard for its value with the stone deposits.

The order should be reversed and the matter remitted to the Special Term for the purpose of directing a new appraisal before the same or new commissioners, with $50 costs to appellants.

FOSTER, P. J., BERGAN, HALPERN and IMRIE, JJ., concur.

Order reversed, on the law and facts, and the matter remitted to the Special Term for the purpose of directing a new appraisal before the same or new commissioners, with $50 costs to appellants.